IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION

FILED

August 5, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLEE, | ) | |
| | ) | No. 02-C-01-9608-CC-00272 |
| | ) | |
| | ) | Decatur County |
| v. | ) | |
| | ) | C. Creed McGinley, Judge |
| | ) | |
| | ) | (Sale of Methamphetamine) |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Richard W. DeBerry
Assistant Public Defender
P.O. Box 663
Camden, TN 38320

OF COUNSEL:

Guy T. Wilkinson
District Public Defender
P.O. Box 663
Camden, TN 38320

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Georgia B. Felner
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

R. Robert Radford
District Attorney General
P.O. Box 686
Huntingdon, TN 38344-0686

James W. Wallace
Assistant District Attorney General
P.O. Box 637
Parsons, TN 38363-0637

John W. Overton, Jr.
Assistant District Attorney General
P.O. Box 484
Savannah, TN 38372-0484

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, William K. Wilson (defendant), was convicted of two counts of selling methamphetamine (crank), a Class C felony, by a jury of his peers. The trial court, finding the defendant to be a standard offender, imposed a Range I sentence consisting of a $10,000 fine and confinement for five (5) years in the Department of Correction in each count. The sentences are to be served concurrently. In this Court, the defendant contends the evidence is insufficient to support his convictions, the sentences imposed were excessive, and the trial court abused its discretion by refusing to impose an alternative sentence to incarceration. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

The criminal investigation division of the Tennessee Department of Safety was investigating drug trafficking in Decatur County during 1994 and 1995. Trooper Gary Azbill was assigned to conduct the investigation. He obtained the assistance of Mary Skates to aid in the investigation. Skates had been part of the drug culture in Decatur County. She knew the defendant and had lived with him for a brief period of time.

Before Skates would attempt to purchase illicit drugs, Trooper Azbill provided her with the money to purchase the drugs and equipped Skates with a recorder so the conversations between Skates and the drug trafficker could be recorded. Trooper Azbill would also search Skates and her vehicle to make sure she did not have illicit drugs in her possession.

On December 28, 1994, and January 5, 1995, Skates went to the home of the defendant. On both occasions she purchased a quantity of crank from the defendant. Each transaction was recorded. On both occasions Skates met Trooper Azbill immediately after the transaction. Skates provided him with the illicit drugs she purchased on these two occasions, and, if she did not spend all of the money provided by Trooper Azbill, she returned the remaining money to him.

The defendant testified in support of his defense. He admitted living with Skates, whom he described as a truck driver. When she purchased illicit drugs while driving the

1

truck, he participated in the consumption of the drugs. He claims he forced her to leave because of her excessive drug use. The defendant opined Skates had accused him of selling her the illicit drugs because she was angry at him. He asserted Skates wanted a very close relationship with him and he spurned the relationship by forcing her to leave his residence. He denied selling her the crank.

## I.

The defendant contends the evidence contained in the record is insufficient, as a matter of law, to support his convictions. The argument supporting this issue is predicated exclusively upon the credibility of Mary Skates.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by

2

the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

Clearly, there is sufficient evidence contained in the record to support a finding by a rational trier of fact that the defendant is guilty of two counts of selling methamphetamine (crank), beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (Tenn. 1979). The verdicts returned by the jury establish the jury accredited the testimony of Mary Skates -- the jury believed her -- and rejected the testimony of the defendant -- the jury did not believe him.

This issue is without merit.

## II.

The defendant contends (a) the sentences imposed by the trial court were excessive and (b) the trial court abused its discretion by refusing to impose alternative sentences to incarceration. He argues the trial court erred by applying certain enhancement factors when setting the sentence.

## A.

When an accused challenges the length and manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing

3

in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1994). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App.), per. app. denied (Tenn. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this Court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a de novo review of a sentence, this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103 and -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App.), per. app. denied (Tenn. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentences are erroneous. Sentencing Commission Comments to Tenn. Code Ann. § 40-35-401; Ashby, 823 S.W.2d at 169; Butler, 900 S.W.2d at 311. In this case, the defendant has the burden of illustrating the sentences imposed by the trial court are erroneous.

**B.**

The trial court correctly found the record supports two enhancement factors. The defendant has an extensive history of criminal convictions and criminal behavior. Tenn. Code Ann. § 40-35-114(1). During a period from February 27, 1981 to May 3, 1993, the defendant was convicted of burglary first degree, two counts of petit larceny, assault on a police officer, possession of a controlled substance on the premises of a jail, possession of .28 grams of marijuana with intent to sell, possession of marijuana with intent to sell,

4

possession of drug paraphernalia, possession of a pistol and sawed-off shotgun after being convicted of a felony, destruction of state property, multiple counts of driving while under the influence, multiple counts of public intoxication, multiple counts of driving a motor vehicle after his driver's license was revoked, and driving while his driver's license was suspended. In addition, the defendant admitted he continued to ingest marijuana until his conviction. This constituted criminal behavior.

The trial court also correctly found the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(8). The defendant was released on parole in a petit larceny case. He was subsequently arrested for the weapon offense, and his parole was revoked.

In the argument accompanying this issue, the defendant does not challenge either of these enhancement factors as the issue indicates. Instead, he argues the trial court abused its discretion by failing to find his conduct neither caused nor threatened serious bodily injury to a victim. Tenn. Code Ann. § 40-35-113(1). The trial court refused to apply this mitigating factor based upon the nature of the offense and the drug the defendant sold. The court was correct in refusing to apply this mitigating factor. The factor is not available when the defendant has been convicted of an offense involving a serious drug such as cocaine or crank. State v. Keel, 882 S.W.2d 410, 422 (Tenn. Crim. App.), per. app. denied (Tenn. 1994).

## C.

The defendant claims the trial court abused its discretion by refusing to impose an alternative sentence to confinement. The trial court did not abuse its discretion in this regard.

As previously stated, the record establishes the defendant's extensive record of criminal convictions and behavior. It also establishes his parole for a prior conviction was revoked because he committed a felony while released in the community. The defendant has also been placed on probation or given short sentences. Nevertheless, the defendant

5

continued to engage in criminal conduct. He admitted ingesting cocaine until March of 1996, the date this case was tried.

Confinement is the appropriate punishment for the defendant. He should not be granted an alternative to confinement because:

1.) He has a long history of criminal conduct. Therefore, there is a need to protect society from the defendant. Tenn. Code Ann. § 40-35-103(1)(A).

2.) Confinement in this case is necessary to avoid depreciating the seriousness of the offenses committed by the defendant. Tenn. Code Ann. § 40-35-103(1)(B).

3.) Confinement in this case is particularly suited to provide an effective deterrent to others likely to engage in like or similar conduct. Tenn. Code Ann. § 40-35-103(1)(B).

4.) Measures less restrictive than confinement did not deter the defendant from continually engaging in criminal conduct. Tenn. Code Ann. § 40-35-103(1)(C).

5.) Unfortunately, the defendant's extensive criminal record and conduct clearly establishes he is beyond the pale of rehabilitation or treatment. Tenn. Code Ann. § 40-35-103(5). This Court is convinced the defendant will commence his life of criminal conduct if granted probation or a community corrections sentence. This has been his lifestyle his entire adult life.

In summary, society will be best served if the defendant is incarcerated. Moreover, the defendant is not a proper candidate for an alternative sentence to incarceration based upon the aforementioned criteria.

This issue is without merit.


_____
        JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
        DAVID H. WELLES, JUDGE


_____
        JOE G. RILEY, JUDGE